# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

March 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9704-CC-00136 |
| Appellee, | ) | |
| | ) | McNAIRY COUNTY |
| VS. | ) | |
| | ) | HON. JON KERRY |
| PATRICIA A. LISHMAN, | ) | BLACKWOOD, JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Alternative Sentencing) |

**FOR THE APPELLANT:**

**GARY F. ANTRICAN**
District Public Defender

**JEANNIE A. KAESS**
**(At Hearing)**
Assistant Public Defender
17805 Highway 64
P.O. Box 700
Somerville, TN 38068-0700

**CLIFFORD K. McGOWN, JR.**
**(On Appeal)**
113 North Court Square
P.O. Box 26
Waverly, TN 37185

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**ED NEAL McDANIEL**
Assistant District Attorney General
300 Industrial Park Drive
P.O. Box 473
Selmer, TN 38375-0473

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Patricia A. Lishman, pled guilty in the McNairy County Circuit Court to two (2) counts of burglary, Class D felonies; one (1) count of theft over $500, a Class E felony; and one (1) count of theft under $500, a Class A misdemeanor. The trial court denied alternative sentencing and imposed concurrent sentences of two (2) years for each count of burglary, one (1) year for the felony theft count and six (6) months in the county jail for the misdemeanor theft count. On appeal, defendant challenges the trial court's denial of alternative sentencing. We remand for entry of modified judgments. In all other respects, the judgment of the trial court is affirmed.

**I**

Defendant claims that because she was convicted of one (1) Class E felony and two (2) Class D felonies, she is entitled to the statutory presumption of alternative sentencing. She contends that the state did not rebut that presumption; therefore, the trial court erred in denying alternative sentencing.[1]

At the time of the sentencing hearing, defendant was serving a sentence on community corrections for a prior aggravated burglary conviction. She stated that her performance on the program had been excellent. She regularly reported to her community corrections supervisor and attended Alcoholics Anonymous meetings. Defendant testified that incarceration would be a hardship because she was taking care of her ill mother. Although she admitted prior crack cocaine use, defendant claimed that she no longer used any kind of drugs. She testified that she had been rehabilitated and would comply with the conditions of an alternative sentence.

On cross-examination, defendant acknowledged that she had prior convictions for aggravated burglary, theft under $500, and possession of drug

---

[1] She also argues that the trial court imposed excessive sentences. We find this claim to be without merit in that she received the presumptive minimum sentence within the range for each felony count.

paraphernalia.[2] She also admitted that one month prior to the hearing, she tested positive for cocaine while on community corrections for the aggravated burglary conviction.[3] Furthermore, she contested her involvement in the crimes, claiming that someone else was actually responsible for stealing the items.

The trial court sentenced defendant as a Range I, Standard Offender, to concurrent sentences of two (2) years for each count of burglary, one (1) year for theft over $500 and six (6) months in the county jail for theft under $500.

In a subsequent written sentencing order, the trial court noted that defendant was statutorily presumed to be a favorable candidate for alternative sentencing. However, the trial court found that defendant had a prior history of criminal convictions, measures less restrictive than confinement had recently been applied unsuccessfully to the defendant, defendant tested positive for a controlled substance while serving a sentence in the community corrections program, and she was unwilling to accept responsibility for her criminal behavior. As a result, the trial court determined that these factors outweighed the statutory presumption and denied alternative sentencing.

## II

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review

---

[2] The pre-sentence report also indicates that defendant pled guilty in 1977 to attempted burglary. At the sentencing hearing, defendant contested this conviction, claiming that the charge was dismissed. Our disposition of this appeal would be the same regardless of whether there was such a conviction.

[3] She claimed that she tested positive for cocaine because she was taking a drug called "benzocaine, which is for severe itching, and it has a cocaine derivative, but, you know, my probation officer and I have worked that out."

3

is *de novo.* State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the

4

offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

The record supports the trial court's denial of alternative sentencing in this case. Defendant has a history of criminal convictions, including aggravated burglary, theft under $500, possession of drug paraphernalia and leaving the scene of an accident. Furthermore, measures less restrictive than incarceration have recently been unsuccessfully applied to the defendant, in that she tested positive for a controlled substance while on the community corrections program. Moreover, defendant's version of the crimes indicate that she may have been less than candid with the trial court about her involvement. This reflects upon her potential for rehabilitation. State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996). Accordingly, we find that the trial court properly denied alternative sentencing.

This issue is without merit.


III


This Court notes that the written judgment of conviction on Count Three incorrectly states that defendant was sentenced to three (3) years for burglary. However, the transcript of the sentencing hearing and the trial court's written sentencing order both specify that defendant received sentences of two (2) years for each count of burglary. When there is a conflict between the court minutes or judgment and the transcript, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). The judgment on Count Three must, therefore, be modified to reflect that the sentence is two (2) years. Furthermore, the judgment on Count Two

5

incorrectly identifies the offense as misdemeanor theft.  This judgment must be modified to reflect the convicted offense as theft over $500, a Class E felony.

The judgment of the trial court is affirmed in all respects, except the case is remanded for entry of modified judgments in accordance with this opinion.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**

6